JOHN E. PEER - State Bar No. 95978
jpeer@wpdslaw.com
BRIAN W. WALSH – State Bar No. 126483
bwalsh@wpdslaw.com
**WOOLLS PEER DOLLINGER & SCHER**
A Professional Corporation
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089
Telephone: (213) 629-1600
Facsimile: (213) 629-1660

Attorneys for Plaintiff
A-One Commercial Risk Retention Group, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A-ONE COMMERCIAL RISK RETENTION GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> MUSA LOGISTICS, INC,; HABTOM UQBAZG; and FASIL M. WUBETU, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DECLARATORY RELIEF AND RECOUPMENT** |

COMES NOW plaintiff A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC ("A-ONE"), pursuant to Federal Rules of Civil Procedure Rule 57 and the Declaratory Judgment Act, 28 U.S.C. § 2201, and alleges against defendants MUSA LOGISTICS, INC., HABTOM UQBAZGI and FASIL M. WUBETU, and has its Complaint against defendants, alleges as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship among the parties and because the amount in controversy, exclusive of interest and costs, exceeds $75,000.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)(2)

because defendant MUSA LOGISTICS, INC. is located in Portola Hills, California and A-ONE issued Policy No. A-ONE2020-2645 to MUSA LOGISTICS, INC. business address in Portola Hills, California. A-ONE is defending MUSA LOGISTICS, Inc. in a lawsuit venued in Clark County Nevada entitled *Fasil M. Wubetu v. Habtom Uzbazgi*, Case. No. A22-861574-C ("Underlying Action"), brought by defendant, FASIL M. WUBETU.

3.   The action for declaratory relief and recoupment is brought pursuant to 28 U.S.C. § 2201(a).

## THE PARTIES

4.   Plaintiff A-ONE was and is a risk retention group organized under the federal Liability Risk Retention Act of 1986 ("LRRA"). A-ONE was organized under the laws of the State of Tennessee and has its principal place of business in Nashville, Tennessee.

5.   Plaintiff is informed and believes and thereon alleges that Defendant MUSA LOGISTICS, INC. ("Musa Logistics"), is a California stock corporation with its principal place of business at 19241 Willow Brook Lane, Portola Hills, California. Plaintiff is further informed and believes that its Agent for service of process, Suha Mubarak is a citizen of the State of California. Musa Logistics is a defendant in the Underlying Action and has tendered its defense to A-ONE.

6.   Plaintiff is informed and believes and thereon alleges that Defendant FASIL M. WUBETU ("Wubetu") is an individual residing in and domiciled in Clark County, in the State of Nevada. Wubetu is the plaintiff in the Underlying Action.

7.   Plaintiff is informed and believes and thereon alleges that Defendant HABTOM UQBAZGI ("Uqbazgi") is an individual residing in and domiciled in San Diego County, in the State of California. Uqbazgi is a defendant in the Underlying Action.

## GENERAL ALLEGATIONS

[CASE NO.:]
COMPLAINT

8.  A-ONE issued insurance policy number A-ONE2020-2645 to Musa Logistics for the period of November 18, 2020 to November 18, 2021. (The "Policy"). A true and correct copy of relevant pages of the Policy is attached as Exhibit 1. The Policy provides $1,000,000 per accident Combined Single Limit of liability coverage for scheduled "covered autos." The scheduled "covered autos" in The Policy are ten Freightliner tractors. None of these scheduled "covered autos" in The Policy was involved in the accident at issue in the Underlying Action.

9.  The Policy includes a Scheduled Driver Endorsement (form A1 AL 001 (11/17)) that does not identify Uqbazgi as an approved or Scheduled Driver.

10. The Policy includes a Bodily Injury Exclusion Endorsement (form A1AL 014 (11/17)) which expressly adds exclusion No. 14 to The Policy and excludes:

> 14. Passengers: This insurance does not apply to any 'bodily injury' suffered by a passenger in any part of the covered 'auto', including but not limited to the cab, tractor, or sleeper, or for any individuals entering or alighting from the covered 'auto'.

11. On November 21, 2022, Fasil Wubetu sued Uqbazgi, Plan Ahead Trucking, Inc and Musa Logistics in District Court for Clark County, Nevada; Civil Action No. A-22-861574, ("Underlying Action"). The *Wubetu* complaint includes causes of action for Negligence; Negligent Hiring, Training, Retention, and Supervision; and Negligent Entrustment. The *Wubetu* complaint alleges:

> 7. On or about October 3, 2021, Defendant UQBAZGI was driving a 2021 Freightliner semi-tractor in Allegheny County, Pennsylvania, with Plaintiff as a passenger.
>
> 8. Defendant UQBAZGI and Plaintiff were transporting a delivery on behalf of Defendant PLAN AHEAD and/or Defendant Musa, at the time.

12. Musa Logistic's insurance agent, Kash Insurance Agency, tendered Musa Logistics' defense in the Underlying Action to A-ONE by email on February 14,

2023.

13. By letter of April 5, 2023, A-ONE agreed to participate in the defense of Musa Logistics in the Underlying Action, subject to a comprehensive reservation of rights including the right to deny coverage and to seek recoupment for any defense or indemnity costs A-ONE pays for uncovered claims.

### FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF
(No Duty to Defend)

14. A-ONE incorporates the allegations made in paragraphs 1 to 13 above.

15. An actual controversy has arisen and now exists between A-ONE on the one hand and defendants on the other hand as to A-ONE's rights and obligations under The Policy. A-ONE contends the *Wubetu* complaint does not allege claims potentially covered by the A-ONE policy. A-ONE is informed and believes and on that basis alleges that defendants contend the claims asserted in the Underlying Action are covered or potentially covered by The Policy. A-ONE's contentions are as follows:

   a. There is no potential that the vehicle involved in the accident at issue in the Underlying Action was a "covered auto" under The Policy, and there is no liability coverage potentially available for the Underlying Action.

   b. The Policy includes a Scheduled Driver Endorsement (form A1 AL 001 (11/17)) that does not identify Uqbazgi as an approved or Scheduled Driver, and there is no liability coverage available for the Underlying Action.

   c. The Policy includes a Bodily Injury Exclusion Endorsement (form A1AL 014 (11/17)) which expressly adds exclusion No. 14 to The Policy and excludes:

   14. Passengers: This insurance does not apply to any 'bodily injury' suffered by a passenger in any part of the covered 'auto', including

but not limited to the cab, tractor, or sleeper, or for any individuals entering or alighting from the covered 'auto'.

Defendant Wubetu was a passenger in the vehicle driven by Uzbazgi and his "bodily injury" claim is excluded.

16. A-ONE seeks a declaration of its rights and obligations under The Policy with respect to each of its contentions set forth herein and as to whether it has a duty to defend each and any of the defendants against the Underlying Action.

## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF

(No Duty to Indemnify)

17. A-ONE incorporates the allegations in paragraphs 1 to 13 above.

18. An actual controversy has arisen and now exists between A-ONE on the one hand and defendants on the other hand as to A-ONE's rights and obligations under The Policy. A-ONE believes that the claims asserted in the Underlying Action are not covered by The Policy. A-ONE is informed and believes and on that basis alleges that defendants contend the claims asserted in the Underlying Action are covered or potentially covered by the Policies. A-ONE's contentions are as follows:

   a. There is no potential that the vehicle involved in the accident at issue in the Underlying Action was a "covered auto" under The Policy, and there is no liability coverage available for the Underlying Action.

   b. The Policy includes a Scheduled Driver Endorsement (form A1 AL 001 (11/17)) that does not identify Uqbazgi as an approved or scheduled Driver, and there is no liability coverage available for the Underlying Action.

   c. The Policy includes a Bodily Injury Exclusion Endorsement (form A1AL 014 (11/17)) which expressly adds exclusion No. 14 to The Policy and excludes:

14. Passengers: This insurance does not apply to any 'bodily injury' suffered by a passenger in any part of the covered 'auto', including but not limited to the cab, tractor, or sleeper, or for any individuals entering or alighting from the covered 'auto'.

Defendant Wubetu was a passenger in the vehicle driven by Uzbazgi and his "bodily injury" claim is excluded.

19. A-ONE seeks a declaration of its rights and obligations under The Policy with respect to each of its contentions set forth herein and as to whether it owes any obligation to indemnify each and any defendant against the Underlying Action.

## THIRD CAUSE OF ACTION FOR RECOUPMENT
## RE DEFENSE EXPENSES

20. A-ONE incorporates the allegations in paragraph 1 to 19 above.

21. As authorized by the Supreme Court in *Buss v. Superior Court*, 16 Cal. 4th 35 (1997), following tender of the Underlying Action A-ONE agreed to provide a defense to Musa Logistics pursuant to reservation of A-ONE's right to seek recoupment of all sums A-ONE expended in the defense of the Underlying Action.

22. Because there was never a potential for coverage for the Underlying Action by The Policy, A-ONE was not contractually obligated to defend Musa Logistics against the Underlying Action. As such, pursuant to *Buss*, *supra*, A-ONE is entitled to recover the full amount of any defense costs A-ONE pays, plus interest, from Musa Logistics.

## FOURTH CAUSE OF ACTION FOR RECOUPMENT
## RE INDEMNITY

23. A-ONE incorporates the allegations in paragraph 1 to 13 above.

24. If A-ONE pays any amounts in settlement or for a judgment against Musa Logistics in the Underlying Action, A-ONE's payment will be made pursuant to *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal. 4th 489 (2010). Because no actual coverage exists for any claim of damage asserted in the Underlying Action, A-ONE is entitled

to recover the full amount of any payment toward any settlement or judgment, plus interest, from Musa Logistics. A-ONE has specifically reserved the right to seek to recoupment from Musa Logistics of any indemnity amounts paid by A-ONE that are allocated to uncovered claims.

25. A-ONE is thus entitled to recoup from Musa Logistics any costs A-ONE incurs to indemnify Musa Logistics in the Underlying Action for any settlement or judgment against Musa Logistics Paid by A-ONE that are allocated to damages not covered by the A-ONE Policy.

## PRAYER FOR RELIEF

Wherefore, A-ONE prays for a judgment:

(1) Declaring that A-ONE has no obligation under The Policy to defend Musa Logistics and/or any of the defendants against the Underlying Action;

(2) Declaring that A-ONE has no obligation under the Policy to indemnify Musa Logistics and/or any of the defendants against the Underlying Action;

(3) For a declaration that A-ONE is entitled to reimbursement from Musa Logistics for the costs A-ONE incurred to defend Musa Logistics in the Underlying Action, in an amount to be proven;

(4) For a declaration that A-ONE is entitled to reimbursement from Musa Logistics for any costs A-ONE incurs in payment of a settlement or satisfaction of judgment against Musa Logistics in the Underlying Action;

(5) For an award of A-ONE's costs of suit;

(6) For such additional relief as the Court deems just and proper.

///

[CASE NO.:]
COMPLAINT

| | | |
|---|---|---|
| 1 | DATED: April 26, 2023 | WOOLLS PEER DOLLINGER & SCHER<br>A Professional Corporation |
| 2 | | |
| 3 | | /s/ John E. Peer |
| 4 | | JOHN E. PEER<br>BRIAN W. WALSH |
| 5 | | Attorneys for Plaintiff<br>A-ONE Commercial Retention |
| 6 | | Risk Group Inc. |

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

1

[CASE NO.:]
COMPLAINT

1021927.1